UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.H. GROUP, LLC. d/b/a/, OCEAN ROLLING: CHAIRS, JOHN TAIMANGLO, and STEPHANIE TAIMANGLO,    : | Hon. Joseph H. Rodriguez |
| Plaintiffs,    : | Civil Action No. 11-1595 |
| v.    : | |
| ROYAL ROLLING CHAIRS, LLC., WILLIAM   : BOLAND, GARY HILL, JOHN SCHULTZ, CITY OF ATLANTIC CITY, JOHN DOE(S)   : A-K, AND Jane DOES(S) A-K, being present and former councilpersons, courtesy of   : ATLANTIC CITY and other persons known or unknown on behalf of ATLANTIC CITY with   : regard to any and all control, supervisor, monitoring the rolling chair business on behalf : of ATLANTIC CITY, THEODORE GARRY, | **OPINION** |
| Defendants.    : | |

These matters come before the Court on motions to dismiss filed by Defendant Royal Rolling Chairs [29] and Defendant City of Atlantic City [45]. Defendants seek dismissal pursuant to the doctrine of judicial estoppel. The Court has considered the written submissions[1] of the parties and the arguments advanced during the hearing in this matter on July 26, 2012. For the reasons expressed on the record that day, as well as those that follow, Plaintiffs' Complaint will be dismissed pursuant to the doctrine of

---

[1] The Court notes that Plaintiffs did not respond to Defendant Royal Rolling Chairs' motion for nearly two months. At the direction of the Magistrate Judge, Plaintiffs were instructed to seek leave to file a late response. Plaintiffs did not seek leave, but filed an opposition brief on March 22, 2012. As a result, Defendant Royal Rolling Chairs argues that its motion to dismiss should be considered unopposed.

judicial estoppel.

## I. Background

Plaintiffs filed the complaint in this matter on March 22, 2011, alleging violations of their Fifth and Fourteenth Amendment rights guaranteed under the United States Constitution, pursuant to 42 U.S.C. § 1983. Plaintiffs are J.H. Group, LLC, doing business as Ocean Rolling Chairs, as well as John Taimanglo and Stephanie Taimanglo, the sole stockholders and members of Ocean Rolling Chairs. (Comp., ¶¶ 1, 2.) Defendants include Royal Rolling Chairs, LLC, William Boland, Gary Hill, John Schultz, City of Atlantic City, John Doe(s) and Jane Doe(s) A-K (being present and former councilpersons, courtesy of Atlantic City and other persons known or unknown on behalf of Atlantic City with regard to any and all control, supervisor, monitoring the rolling chair business on behalf of Atlantic City), and Theodore Gary. (Comp.) Plaintiffs allege that defendant Royal Rolling Chairs (amongst other named defendants) and its owners have used their political connections in the City Council of Atlantic City to conspire against Ocean Rolling Chairs in an effort to destroy their business. (Comp., ¶ 28.)

Plaintiffs John and Stephanie Taimanglo own and operate Ocean Rolling Chairs, a local business in Atlantic City which leases rolling chairs on the boardwalk to independent operators on a daily or weekly basis. (Comp., ¶ 15.) Defendant Royal Rolling Chairs, LLC, is a similar business in Atlantic City and is considered to be a competitor with Ocean Rolling Chairs. (Comp., ¶ 3.) These types of businesses are regulated by local ordinances which allow for inspections and enforcement by supervisors of the Mercantile Division of the City of Atlantic City. (Comp., ¶ 16.)

On August 24, 2011, five months after Plaintiffs filed the present complaint in this Court, Plaintiffs filed a bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. (Ex. A., Royal Rolling Chairs Br.). Defendants identify numerous inconsistent positions set forth in the Chapter 13 Statement of Current Monthly Income And Calculation of Commitment Period of Disposable Income ("Statement of Monthly Income"). (Ex. C., Royal Rolling Chairs Br.). In the Statement of Monthly Income, Plaintiffs swore to have no income derived from the "operation of a business" and disclosed that all their income in 2009, 2010 and 2011 was generated from wages. (Id., Doc. 21, p.1, Doc. 22, p.1). In addition, Plaintiffs swore they do not own "5% or more" of any businesses and that they were not "self-employed in a trade, profession or other activity either full or part-time." (Id., Doc. 22, p. 8, ¶ 18). Plaintiffs also swore they do not own any "stock and interest in incorporated and unincorporated businesses" and that they own no "interests in partnerships or joint ventures." (Id., Doc. 24, p.2, ¶¶ 13, 14). Notably, Plaintiffs also disavowed any "other contingent and unliquidated claims" and swore they own no "office equipment, furnishings, and supplies" nor any "supplies used in business." (Id., Doc. 24, p. 24, ¶21 & p.3, ¶¶28, 29).

In the present Complaint, Plaintiffs aver ownership of J.H. Group, LLC. and Ocean Rolling Chairs and note that they are "sole stock holders" and "sole members," not employees. (Comp., ¶¶ 1, 2). The existence of the present Complaint, having been filed previous to the bankruptcy petition constitutes a contingent and unliquidated claim. The Complaint also states that Plaintiffs own many rolling chairs, which are an asset to and a supply of the company undisclosed to the bankruptcy trustee. (Id., ¶3).

Based on the above inconsistencies, Defendants Atlantic City and Royal Rolling

3

Chairs argue that Plaintiffs are judicially estopped from pursuing the allegations in the present civil complaint.

## II. Discussion

### A. Standard of Review for Judicial Estoppel

Under the doctrine of judicial estoppel, "a plaintiff, who has obtained relief from an adversary by asserting and offering proof to support one position, may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." Krystal Cadillac-Oldsmobile GMC Truck Inc. v. General Motors Corp. & General Motors Acceptance Corp, 337 F.3d 314, 319 (3d Cir. 2003) (citing Scarano v. Central R. Co. Of N.J., 203 F.2d 510 (3d Cir. 1953)).  The Third Circuit considers three requirements to justify the application of the doctrine of judicial estoppel: "First, the party to be estopped must have taken two positions that are irreconcilably inconsistent; second, judicial estoppel is unwarranted unless the party changed his or her position in bad faith; and third, a district court may not employ judicial estoppel unless it is tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct." Id. (citing Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773 (3d Cir. 2001).  The doctrine of judicial estoppel does not contain a requirement that a party must have benefitted from their prior position in order to be judicially estopped from subsequently asserting an inconsistent one.  Ryan Operations G.P. v. Forrest Paint Co., Inc., 81 F.3d 355, 361 (3d Cir. 1996).  The presence of a benefit received is merely a factor in determining whether the evidence would support a conclusion of bad faith.  Krystal, 337 F.3d at 324.  Lastly, the Defendants are not barred

from pursuing judicial estoppel simply because they were not parties to the bankruptcy proceeding. Ryan, 81 F.3d at 361.

### B. Analysis

The Court finds that the sanction of judicial estoppel is warranted in this case for the following reasons. First, Plaintiffs took inconsistent positions by failing to disclose both their business and their lawsuit in their bankruptcy filings while at the same time bringing this claim based on their ownership of Ocean Rolling Chairs. Plaintiffs' claim that they supplied all documents, including all tax returns, to their bankruptcy attorney (Cert. of John Taimanglo, ¶ 12) does not relieve them of their obligation for candor to the bankruptcy court. See DePasquale v. Morgan Stanley Smith Barney, LLC, Civ. No. 10-6828, 2011 WL 3703110, *6 (D.N.J. Aug. 23, 2011); see also Meisinger v. Prudential Insurance Company of America, Civ. No. 10-5885, 2011 WL 2036508, *3 (D.N.J. May 23, 2011)(Reliance on counsel is insufficient for failing to disclose potential tort action in bankruptcy proceedings). In addition, Plaintiffs acknowledged during the hearing in this matter that mistakes were made in the bankruptcy filing.

Second, the "doctrine of judicial estoppel frequently arises in the context of a failure to list a claim as an asset in a bankruptcy, and the inconsistent pursuit of an undisclosed claim." Clark v. Strober-Haddonfield Group, Inc., Civ. No. 07-910, 2008 U.S. Dist. Lexis 58865 (D.N.J. July 29, 2008) (citing Castillo v. Coca-Cola Bottling Co. Of East. Great Lakes, Civ. No. 06-183, 2006 WL 1410045, *2 (E.D. Pa. May 22, 2006).[2] Here, the

---

[2]In Clark, Plaintiff pro se filed an Equal Employment Opportunity Commission charge after already filing for bankruptcy, which was also done pro se. In his "Statement of Financial Affairs," Plaintiff did not list his pending lawsuit. Plaintiff claimed that he inadvertently omitted the lawsuit because he quickly checked off "none" on all the boxes on the form. Judge Kugler dismissed Plaintiff's complaint even though his bankruptcy

nature and frequency of the inconsistencies demonstrate bad faith.  Plaintiffs denied assets, denied additional income, and denied that they possessed furniture and equipment.  Most notably, Plaintiffs erased before the bankruptcy court the existence of the very entity they allege was the cause of their financial distress.  "[W]e filed the bankruptcy petition because we were concerned about a lack of income from our rolling chair business and anticipated a lack of income over the summer months in this business." Cert. Of John Taimanglo, ¶9.  In sum, approximately nine misrepresentations were made in the bankruptcy filing, with the most notable being the failure to list the rolling chair business.

      Plaintiffs' argument that the withdrawal of the bankruptcy petition belies a finding of bad faith is unavailing because Plaintiffs did not withdraw the petition; the bankruptcy trustee dismissed the petition because Plaintiffs failed to "comply with their duties pursuant to the Bankruptcy Act, which is prejudicial to creditors and constitutes cause for an order dismissing this case pursuant to Bankruptcy Code § 707(a)(1)."  Cert. Of Trustee In Lieu of Brief, Royal Rolling Chairs Rep. Br., Ex. A.  Essentially, Plaintiffs failed to appear at a hearing and their attorney stated that she had not heard from them. Id.  For this reason, Plaintiffs' attempt to persuade the Court that the bankruptcy dismissal, as having occurred before any debts were discharged, counsels against a finding that Plaintiffs were playing "fast and loose" with the court is disingenuous.

      There is no evidence that Plaintiffs sought to correct the inconsistencies in their Bankruptcy Petition.  Although Plaintiffs identify some health issues that diverted their attention from the bankruptcy petition, the Court cannot overlook the total denial of the

---

proceedings were eventually dismissed and no debts were discharged.

existence of financial and equipment assets summarily unaccounted for in the petition—especially given the timing of the bankruptcy petition as having been filed in close proximity to the present matter and the financial underperformance of the rolling chair business serving as the impetus to filing for bankruptcy.  "[A] person seeking to discharge his debts in bankruptcy [has] a motive to conceal potential assets." Clark, Civ. No. 07-910, 2008 U.S. Dist. Lexis 58865 at * ; see also Krystal, 337 F.3d at 321-323 (A rebuttable inference of bad faith can be inferred when the Plaintiff had knowledge of a claim and a motive to conceal that claim.) (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416-418 (3d. Cir. 1988)).  Plaintiffs had knowledge of the present action when they petitioned for bankruptcy and a motive to shield assets.  As a result, the Court finds that Plaintiffs acted in bad faith.

Finally, the Court finds that no lesser sanction is appropriate in this case and rejects Plaintiffs' "no harm no foul" argument.  Although the dismissal of the bankruptcy petition eliminated harm to potential creditors and although the Defendants in this matter were unaffected by the filing of the bankruptcy petition, these factors do not impact the judicial estoppel analysis.[3]  See Ryan, 81 F.3d at 361 (judicial estoppel has no requirement that a party must have benefitted from its prior position).

Plaintiffs had knowledge of both this claim and their business.  Hiding both of these assets could have resulted in a benefit for the Plaintiffs in Bankruptcy Court.  Allowing for a lesser sanction when a debtor fails to disclose assets sends a message that

---

[3]Even though receiving a benefit is not a requirement, "application of the doctrine of judicial estoppel is particularly appropriate in situations ... where the party benefitted from its original position." Id. (citing Delgrosso v. Sprang & Co., 903 F.2d 234 (3d Cir. 1990).

"a debtor should consider disclosing potential assets only if he is caught concealing them." Krystal, 337 F.3d at 325 (citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002). Judicial estoppel is appropriate under the circumstances of this case.

An appropriate Order shall issue.


Dated: August 1, 2012

                                               S/ Joseph H. Rodriguez
                                               Hon. Joseph H. Rodriguez,
                                               UNITED STATES DISTRICT JUDGE